## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**EDDIE JOE BRYANT, JR.,**

     **Petitioner,**

v.                                                    **CASE NO. 8:14-CV-2873-T-27MAP**
                                                      **CRIM. CASE NO. 8:06-CR-358-T-27MAP**

**UNITED STATES OF AMERICA,**

     **Respondent.**

_____/

## ORDER

BEFORE THE COURT are Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), and memorandum of law in support of the motion (CV Dkt. 2).  Petitioner challenges the legality of his sentence as to Count Three of the Indictment, arguing that this Court exceeded its authority by imposing a one-year term of supervised release following a two-year term of imprisonment.  After conducting the review required by Rule 4(b), Rules Governing Section 2255 Proceedings,[1] it is apparent that the Section 2255 motion is due to be summarily dismissed because it plainly appears from the motion and record of prior proceedings that the motion is time-barred, and Petitioner's claim is without merit.  *Murphy v. United States*, 634 F.3d 1303, 1306 n.8 (11th Cir. 2011).

## PROCEDURAL BACKGROUND

On September 27, 2006, Petitioner pleaded guilty to Counts One and Two of the Indictment

---

[1] Rule 4(b) provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

which charged Petitioner with making a false statement on a passport application in violation of 18

U.S.C. § 1542, and Count Three of the Indictment which charged Petitioner with aggravated identify

theft in violation of 18 U.S.C. § 1028A  (CR Dkts. 1, 17).   On January 18, 2007, Petitioner was

sentenced to concurrent terms of eighteen (18) months imprisonment to be followed by three years

of supervised release on Counts One and Two, and twenty-four (24) months imprisonment on Count

Three consecutive to the sentences on Counts One and Two, to be followed by one year of

supervised release consecutive to the supervised release imposed on Counts One and Two (CR Dkts.

22, 24).

Petitioner filed no direct appeal.  Petitioner signed his Section 2255 motion on November

14, 2014 (CV Dkt. 1 at pp. 8-9).

## DISCUSSION

I. The Motion is Time-Barred[2]

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year

limitation period for Section 2255 motions.  *See Goodman v. United States*, 151 F.3d 1335, 1336

(11th Cir. 1998).  Specifically, Section 2255 provides that the one-year limitation shall run from the

---

[2]This Court has discretion to *sua sponte* raise the issue of the timeliness of Petitioner's Section 2255 motion. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that a district court is permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court possesses discretion to *sua sponte* raise the issue of the timeliness of a Section 2254 application for habeas corpus). *See also Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) ("[T]he principles developed in habeas cases also apply to Section 2255 motions.") (citation omitted).  In his memorandum of law, Petitioner concedes that his Section 2255 motion is untimely but argues that the Court should apply equitable tolling and consider the merits of his claim because failure to do so would result in a fundamental miscarriage of justice (CV Dkt. 2 at pp. 6-8).  Petitioner's concession and arguments demonstrate that he understood the need to explain why this Court should not dismiss his motion as untimely. Accordingly, Petitioner was afforded sufficient notice and opportunity to present his position on the timeliness of his Section 2255 motion. *Day v. McDonough*, 547 U.S. at 209.

latest of:

>   (1) the date on which the judgment of conviction becomes final;

>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

The Judgment in Petitioner's criminal case was entered on January 18, 2007 (CR Dkt. 24). Because Petitioner did not file a direct appeal, his judgment of conviction became "final" under § 2255(f)(1) ten business days later on February 1, 2007.  *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (2007) (allowing a criminal defendant 10 business days after the entry of judgment to file a notice of appeal).  Petitioner therefore had one year from that date, February 1, 2008, to file his Section 2255 motion.  He did not file the Section 2255 motion until November 2014, more than six years after the limitations period expired.  Consequently, Petitioner's Section 2255 motion is untimely.

Although he concedes his motion is untimely, Petitioner contends that his motion is not time-barred because he is entitled to equitable tolling of the limitations period.  Equitable tolling requires both extraordinary circumstances and due diligence.  *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). To establish eligibility for equitable tolling, a petitioner must show: "'(1) that

he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner does not satisfy his burden of showing both that he diligently pursued his rights and some extraordinary circumstance prevented him from timely filing his Section 2255 motion. Petitioner first contends that his attorney's alleged misconduct – allowing Petitioner to "accept" an illegal sentence – was an extraordinary circumstance warranting equitable tolling (CV Dkt. 2 at pp. 6-7). In this circuit, "the correct standard for determining whether attorney misconduct qualifies as an extraordinary circumstance for equitable tolling purposes is whether the conduct amounts to abandonment of the attorney—client relationship." *Gillman v. Sec'y, Fla. Dep't of Corr.*, 576 Fed. Appx. 940, 943 n. 7 (11th Cir. 2014) (unpublished) (citing *Cadet v. Florida Department of Corrections*, 742 F.3d 473, 481 (11th Cir. 2014)). "Abandonment. . .denotes absolute renunciation or withdrawal, or a complete rejection or desertion of one's responsibilities, a walking away from a relationship." *Cadet*, 742 F.3d. at 484.

Petitioner has failed to allege any facts indicating that his attorney abandoned him. At worst, Petitioner alleges facts indicating that his attorney was negligent in failing to challenge his sentence on the ground that it is illegal. However, "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling; abandonment of the attorney-client relationship...is required." *Cadet*, 742 F.3d at 481. Accordingly, Petitioner has failed

to demonstrate that his attorney's conduct qualifies as an extraordinary circumstance warranting equitable tolling.

Petitioner next contends that he is entitled to equitable tolling because he "had no reason to believe that the sentence. . .was illegal, and had no reason to challenge its legality prior to the commencement of the illegal portion of probation and a subsequent violation of said portion which is now causing collateral consequences." (CV Dkt. 2 at p. 6).  To the extent Petitioner contends that he had no reason to believe his sentence was illegal, he is essentially arguing that he was ignorant of the law that allegedly supports his contention that his sentence is illegal.  Ignorance of the law, however, "do[es] not warrant equitable tolling." *Robinson v. Schafer*, 305 Fed. Appx. 629, 630 (11th Cir. 2008) (unpublished) (citing *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997)).  Petitioner's contention that he "had no reason" to contest his sentence until he violated the conditions of his supervised release likewise does not warrant equitable tolling.  Although Petitioner's apparent satisfaction or contentment with his sentence until after he violated the conditions of his supervised release may explain his failure to appeal or earlier challenge his sentence, it does not warrant equitable tolling because it did not prevent him from filing a timely Section 2255 motion.  Accordingly, Petitioner has failed to demonstrate the existence of extraordinary circumstances warranting equitable tolling.

Moreover, even if Petitioner has presented extraordinary circumstances, he has failed to allege any facts indicating that he exercised diligence in ascertaining the alleged illegality of his sentence.  He therefore has failed his burden to demonstrate that he has been pursing his rights diligently.  Accordingly, Petitioner is not entitled to equitable tolling.

Petitioner further argues that even if he is not entitled to equitable tolling, the Court must

review the merits of his claim because "the failure to correct the plain error of the Court would result in a miscarriage of justice. . . ." (CV Dkt. 2 at p. 7). "A court. . .may consider an untimely § 2255 motion 'if, by refusing to consider the [motion] for untimeliness, the court thereby would endorse a 'fundamental miscarriage of justice' because it would require that an individual who is actually innocent remain imprisoned.'" *Stevens v. U.S.*, 466 Fed.Appx. 789, 791 (11ᵗʰ Cir. 2012) (unpublished) (quoting *San Martin v. McNeil*, 633 F. 3d 1257, 1267-68 (11ᵗʰ Cir. 2011)). In this circuit, "[t]he actual innocence exception has been applied to actual innocence for the crime of conviction and actual innocence of a capital sentence." *Id*. (citing *McKay v. United States*, 657 F.3d 1190, 1196–97 (11th Cir.2011)). Petitioner does not contend that he is actually innocent of the crime for which he was convicted. Nor was he sentenced to death. Accordingly, the actual innocence exception is inapplicable to his case.

II. The Motion Fails on the Merits

Even if the actual innocence exception was applicable to Petitioner's noncapital sentence and the Court therefore could consider his Section 2255 motion, it would fail on the merits. Petitioner's sole contention is that his sentence on Count Three of the Indictment is illegal under 18 U.S.C. § 1028A. His contention is erroneous.

Section 1028A states, in pertinent part, that "a court shall not place on probation any person convicted of a violation of this section. . . ." 18 U.S.C. § 1028A(b)(1). Petitioner was not placed on *probation*. Rather, he was sentenced on Count Three to twenty-four (24) months imprisonment followed by one-year of *supervised release* (see CR Dkts. 22, 24). Supervised release and probation are not the same. *See U.S. v. Weikert*, 504 F.3d 1, 7 fn.4 (1ˢᵗ Cir. 2007) ("Probation, supervised release, and parole are all different forms of conditional release from prison. Probation is an

alternative sanction to imprisonment in which a court permits a convicted offender to serve his or her sentence in the community subject to certain conditions and supervision by a probation officer. 18 U.S.C. §§ 3561, 3563. Supervised release, by contrast, is a period of community supervision imposed by the court to be completed after release from a jail or prison sentence, 18 U.S.C. § 3583(a). . . .").

Petitioner has not referred to, and this Court is not aware of, any cases holding that a defendant convicted under 18 U.S.C. § 1028A may not be sentenced to a term of supervised release. He therefore has failed to demonstrate that his sentence on Count Three was illegal.  His claim therefore fails on the merits.

Accordingly, it is **ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DENIED**.

2. The **Clerk** is directed to enter judgment against Petitioner and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

A prisoner seeking relief under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability.  Id.  Petitioner is entitled to a certificate of appealability only if he shows that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the Section 2255 motion stated "a valid claim of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has not made the required showing. Specifically, he cannot show by citation of

contrary authority or otherwise that reasonable jurists would debate the determination that the Section 2255 motion is time-barred or that he stated a substantial denial of a constitutional right.

Accordingly, the Court **DENIES** a certificate of appealability.  And because Petitioner is not entitled to a certificate of appealability, the Court **DENIES** him leave to appeal *in forma pauperis*.

**DONE AND  ORDERED** in Tampa, Florida, on November 22, 2014.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

SA:sfc
Copy furnished to:
*Pro Se* Petitioner
Counsel of Record